Mark Holland
*mholland@goodwinprocter.com*
Mary K. Dulka
*mdulka@goodwinprocter.com*
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Tel.:   (212) 813-8800
Fax:   (212) 355-3333

*Attorneys for Defendant IntraLinks Holdings, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IRON WORKERS LOCAL NO. 25 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>INTRALINKS HOLDINGS, INC., PATRICK J. WACK, JR., BRIAN J. CONWAY, PETER GYENES, THOMAS HALE, HABIB KAIROUZ, ROBERT C. MCBRIDE, HARRY D. TAYLOR, J. ANDREW DAMICO, ANTHONY PLESNER, MORGAN STANLEY & CO. INCORPORATED, JEFFERIES & COMPANY, INC., LAZARD CAPITAL MARKETS LLC, CREDIT SUISSE SECURITIES (USA) LLC, DEUTSCHE BANK SECURITIES INC. and PACIFIC CREST SECURITIES LLC,<br><br>        Defendants. | <u>**NOTICE OF REMOVAL**</u><br><br>12 CV 3698<br><br>Removed from:<br><br>Supreme Court of the State of New York, New York County<br><br>Index No. 651448/2012 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

PLEASE TAKE NOTICE that for the reasons set forth below, Defendant IntraLinks Holdings, Inc. ("IntraLinks") files this Notice of Removal to remove the above-captioned case, Case No. 651448/2012, filed with the Supreme Court of the State of New York, County of New York, and all claims and causes of action therein (the "Action"), to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1441. As grounds for removal, IntraLinks states as follows:

1.　　On or about May 1, 2012, Plaintiff Iron Workers Local No. 25 Pension Fund ("Iron Workers" or "Plaintiff") filed a Summons (the "Summons") and Complaint (the "Complaint") in this Action in the Supreme Court of the State of New York in the County of New York against Defendants IntraLinks Holdings, Inc., Patrick J. Wack, Jr., Brian J. Conway, Peter Gyenes, Thomas Hale, Habib Kairouz, Robert C. McBride, Harry D. Taylor, J. Andrew Damico, Anthony Plesner, Morgan Stanley & Co. Incorporated, Jefferies & Company, Inc., Lazard Capital Markets LLC, Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Inc., and Pacific Crest Securities LLC (collectively, "Defendants"). The case is entitled *Iron Workers Local No. 25 Pension Fund, Individually and on Behalf of All Others Similarly Situated v. IntraLinks Holdings, Inc., et al.* and was assigned Case No. 651448/2012. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit 1.

**This Court Has Original Jurisdiction Pursuant to 28 U.S.C. § 1331**

2.　　This Court has original jurisdiction over this Action under 28 U.S.C. § 1331 because it includes claims arising under the laws of the United States. The Complaint is brought on behalf of a class of all persons or entities who acquired the common stock of IntraLinks pursuant to or traceable to IntraLinks' Registration Statement and Prospectus issued in connection with its April 7, 2012 public offering (the "Offering"). (Ex. 1, Compl. ¶ 1.) The

2

Complaint alleges, among other things, that IntraLinks' Registration Statement for the Offering "contained untrue statements of material facts and omitted to state other facts necessary in order to make the statements made not misleading and was not prepared in accordance with the rules and regulations governing its preparation." (*Id.*, Compl. ¶ 28.) The Complaint further alleges that all Defendants violated Section 11 of the Securities Act of 1993, 15 U.S.C. § 77a, *et. seq.* (the "1933 Act") and that Defendants Patrick J. Wack, Jr., Brian J. Conway, Peter Gyenes, Thomas Hale, Habib Kairouz, Robert C. McBride, Harry D. Taylor, and J. Andrew Damico violated Section 15 of the 1933 Act. (Ex. 1, Compl. ¶¶ 18, 51–64.)

3.      Because the Action is a civil action over which this court has original jurisdiction under 28 U.S.C. § 1331, it is removable under 28 U.S.C. §§ 1441(a) and the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 77p(c). Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States embracing the place where such action is pending."

4.      SLUSA amended Section 22(a) of the 1933 Act to limit concurrent state jurisdiction over 1933 Act claims "as provided in section 16 with respect to covered class actions . . . ." 15 U.S.C. § 77v(a). Specifically, SLUSA created an exemption to the 1933 Act's non-removal provision, and expressly allows the removal of certain "covered class actions" arising under the 1933 Act. Section 16(c) of the 1933 Act provides that "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending . . . ." 15 U.S.C. § 77p(c).

5.      "Covered class action" includes:

> Any single law suit in which . . . [o]ne or more named parties seeks to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members.

15 U.S.C. § 77p(f)(2)(A)(i)(II).

6.    "Covered security" is defined to include a security that is "listed, or authorized for listing, on the New York Stock Exchange."  15 U.S.C. § 77r(b)(1)(A), § 77p(f)(3).

7.    The Action is a "covered class action . . . involving a covered security."  Plaintiff is a named party seeking to recover damages on a representative basis on behalf of itself and others similarly situated, and the Complaint alleges that questions of law or fact predominate over individual questions.  (Ex. 1, Compl. ¶¶ 41, 46.)  The securities at issue here are listed on the New York Stock Exchange.

8.    Accordingly, Plaintiff's claims under Section 11 and 15 of the 1933 Act are removable to the United States District Court for the Southern District of New York under 15 U.S.C. § 77p(c), 77v and 28 U.S.C. § 1441.  In fact, recent decisions in this Court have held that in light of SLUSA, "federal courts alone have jurisdiction to hear covered class actions raising 1933 Act claims."  *Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 425 (S.D.N.Y. 2009) (denying motion to remand action asserting 1933 Act claims).  *Accord In re Fannie Mae 2008 Sec. Litig.*, Nos. 08 Civ. 7831(PAC), 09 Civ. 1352(PAC), 2009 WL 4067266, at *2 (S.D.N.Y. Nov. 24, 2009) (denying motion to remand action asserting 1933 Act claims because "federal courts have exclusive jurisdiction over covered SLUSA class actions alleging claims under the 1933 Act," which is "consistent with, and gives effect to, SLUSA's underlying rationale:  to make federal courts the exclusive venue for securities class actions").

LIBNY/5197501.2

**The Procedural Requirements For Removal Have Been Satisfied**

9.      This Notice of Removal is timely filed under 28 U.S.C. § 1446(b).  The Complaint was filed on May 1, 2012 and, upon information and belief, no Defendant has been served with the Summons and Complaint.  Defendants' time to answer the Complaint thus has not expired and none of the Defendants to the Action has served or filed an answer.

10.      No other Defendant need join in this Notice of Removal.  *See Nealy v. U.S. Healthcare HMO*, 844 F. Supp. 966, 974–75 (S.D.N.Y. 1994).  "When a civil action is removed solely under section 1441(a), all defendants who have been *properly joined and served* must join in or consent to the removal of the action."  *See* 28 U.S.C. § 1446(b)(2)(a) (emphasis added).

11.      In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the Action is attached hereto as Exhibit 1.  No motions or other proceedings in this Action are pending in the Supreme Court of the State of New York, County of New York.

12.      Venue is proper in this Court because it is part of the "district and division" embracing the place where this action was filed—New York City, New York, in New York County, New York.  *See* 28 U.S.C. § 1441(a).

13.      No previous application has been made for the relief herein requested.

14.      In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, IntraLinks will give written notice to all adverse parties and will file a copy of this Notice of Removal with the Supreme Court of the State of New York, County of New York.

WHEREFORE, IntraLinks respectfully submits that this Action is properly removed from the Supreme Court of the State of New York, County of New York and is properly before this Court and that all further actions should take place before this Court.

LIBNY/5197501.2

Dated: May 9, 2012

Respectfully submitted,

GOODWIN PROCTER LLP

By:    Mary K. Dulka

Mark Holland
*mholland@goodwinprocter.com*
Mary K. Dulka
*mdulka@goodwinprocter.com*
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Tel.:    (212) 813-8800
Fax:    (212) 355-3333

*Attorneys for Defendant IntraLinks Holdings, Inc.*

6