# Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

———————————————————— X

IRON WORKERS LOCAL NO. 25 PENSION : Index No.
FUND, Individually and on Behalf of All :
Others Similarly Situated, : **SUMMONS**

      Plaintiff,

vs.

INTRALINKS HOLDINGS, INC., PATRICK
J. WACK, JR., BRIAN J. CONWAY, PETER
GYENES, THOMAS HALE, HABIB
KAIROUZ, ROBERT C. McBRIDE, HARRY
D. TAYLOR, J. ANDREW DAMICO,
ANTHONY PLESNER, MORGAN
STANLEY & CO. INCORPORATED,
JEFFERIES & COMPANY, INC., LAZARD
CAPITAL MARKETS LLC, CREDIT SUISSE
SECURITIES (USA) LLC, DEUTSCHE
BANK SECURITIES INC. and PACIFIC
CREST SECURITIES LLC,

      Defendants.

———————————————————— X

To the above named Defendants:

Intralinks Holdings, Inc.
150 East 42nd Street, 8th Floor
New York, NY 10017

Patrick J. Wack, Jr.
15 Shoalpoint Lane
Riverside, CT 06878

Brian J. Conway
301 Otis Street
West Newton, MA 02465

Peter Gyenes
40 Heath Hill Street, #1
Brookline, MA 02445

Thomas Hale
25 West 68th Street, Apt. 9d
New York, NY 10023

Habib Kairouz
525 Park Avenue, 5-B
New York, NY 10065

Robert C. Mcbride
20 Mcneil Circle, Unit 18-44
Hopkinton, MA 01748

Harry D. Taylor
1280 Washington Street, Apt. 403
Boston, MA 02118

J. Andrew Damico
1446 River Road
New Hope, PA 18938

Anthony Plesner
440 East 62nd Street, Apt 19a
New York, NY 10065

Morgan Stanley & Co. Incorporated
1585 Broadway
New York, NY 10036

Jefferies & Company, Inc.
520 Madison Avenue, 10th Floor
New York, New York 10022

Lazard Capital Markets LLC
30 Rockefeller Plaza
New York, NY 10020

Credit Suisse Securities (Usa) LLC
Eleven Madison Avenue
New York, NY 10010

Deutsche Bank Securities, Inc.
60 Wall Street
New York, NY 10005

Pacific Crest Securities, LLC
111 SW Fifth Avenue, 42nd Floor
Portland, OR 97204

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis for venue is Defendants Place of Business which is 150 East 42nd Street, New York, New York.

DATED:   Melville, New York        ROBBINS GELLER RUDMAN & DOWD LLP
         May 1, 2012

/s/ Samuel H. Rudman
By:   SAMUEL H. RUDMAN
      DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
BENNY C. GOODMAN III
EDWARD M. GERGOSIAN
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

SULLIVAN, WARD, ASHER & PATTON, P.C.
MICHAEL J. ASHER
25800 Northwestern Highway
1000 Maccabees Center
Southfield, MI 48075-1000
Telephone: 248/746-0700
248/746-2760 (fax)

Attorneys for Plaintiff

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

———————————————————————— X
:
IRON WORKERS LOCAL NO. 25 PENSION : Index No.
FUND, Individually and on Behalf of All :
Others Similarly Situated : CLASS ACTION
:
      Plaintiff, : COMPLAINT FOR VIOLATION OF THE
: FEDERAL SECURITIES LAWS
 vs. :
:
INTRALINKS HOLDINGS, INC., PATRICK :
J. WACK, JR., BRIAN J. CONWAY, PETER :
GYENES, THOMAS HALE, HABIB :
KAIROUZ, ROBERT C. McBRIDE, HARRY :
D. TAYLOR, J. ANDREW DAMICO, :
ANTHONY PLESNER, MORGAN :
STANLEY & CO. INCORPORATED, :
JEFFERIES & COMPANY, INC., LAZARD :
CAPITAL MARKETS LLC, CREDIT SUISSE :
SECURITIES (USA) LLC, DEUTSCHE :
BANK SECURITIES INC. and PACIFIC :
CREST SECURITIES LLC, :
:
      Defendants. :
: DEMAND FOR JURY TRIAL
———————————————————————— X

## INTRODUCTION

1. This is a class action on behalf of all persons or entities who acquired the common stock of IntraLinks Holdings, Inc. ("IntraLinks" or the "Company") pursuant or traceable to the Company's false and misleading Registration Statement and Prospectus issued in connection with its April 7, 2011 public offering (the "Offering"), seeking to pursue remedies under the Securities Act of 1933 ("1933 Act").

2. IntraLinks is a provider of Software-as-a-Service solutions for securely managing critical business information. IntraLinks is headquartered in New York City, New York.

3. On or about April 4, 2011, IntraLinks filed with the Securities and Exchange Commission ("SEC") a Form S-1/A Registration Statement and Prospectus for the Offering (the "Registration Statement"), which became effective on April 7, 2011. At least 7.5 million shares of IntraLinks common stock were sold to the public at $25.50 per share (1.25 million shares were sold by IntraLinks and 6.25 million shares were sold by certain selling shareholders, including defendants J. Andrew Damico, Anthony Plesner and Peter Gyenes), raising $191 million in gross proceeds for the Company and the selling shareholders (excluding an over-allotment of 1.125 million shares granted to the Underwriter Defendants, as defined in ¶25).

## JURISDICTION AND VENUE

4. The claims alleged herein arise under §§11 and 15 of the 1933 Act, 15 U.S.C. §§77k and 77o. Jurisdiction is conferred by §22 of the 1933 Act and venue is proper pursuant to §22 of the 1933 Act.

5. This Court has jurisdiction over each defendant named herein, as the violations of law complained of herein occurred in this County, including the dissemination of materially false and misleading statements complained of herein into this County. Defendant IntraLinks maintains its principal executive offices in this County, and all other defendants have sufficient minimum contacts

with New York so as to render the exercise of jurisdiction by the courts of this state permissible under traditional notions of fair play and substantial justice.

6. Venue is proper in this Court because: (i) one or more of defendants either resides in or maintains principal executive offices in this County; and (ii) a substantial portion of the transactions and wrongs complained of herein, including the dissemination of materially false and misleading statements, occurred in this County.

## PARTIES

7. Plaintiff Iron Workers Local No. 25 Pension Fund acquired the common stock of IntraLinks pursuant or traceable to the Offering and has been damaged thereby.

8. Defendant IntraLinks is a Software-as-a-Service company providing solutions for securely managing critical business information. IntraLinks stock trades in an efficient market on the New York Stock Exchange ("NYSE").

9. Defendant Patrick J. Wack, Jr. ("Wack") serves as Chairman of the Board of IntraLinks. Wack signed the false and misleading Registration Statement.

10. Defendant Brian J. Conway ("Conway") serves as a director of IntraLinks. Conway signed the false and misleading Registration Statement.

11. Defendant Peter Gyenes ("Gyenes") serves as a director of IntraLinks. Gyenes signed the false and misleading Registration Statement. He also sold 83,334 shares of IntraLinks stock in the Offering.

12. Defendant Thomas Hale ("Hale") serves as a director of IntraLinks. Hale signed the false and misleading Registration Statement.

13. Defendant Habib Kairouz ("Kairouz") serves as a director of IntraLinks. Kairouz signed the false and misleading Registration Statement.

14. Defendant Robert C. McBride ("McBride") serves as a director of IntraLinks. McBride signed the false and misleading Registration Statement.

15. Defendant Harry D. Taylor ("Taylor") served as a director of IntraLinks until June 2011. Taylor signed the false and misleading Registration Statement.

16. Defendant J. Andrew Damico ("Damico") served as President, Chief Executive Officer and a director of IntraLinks until he resigned in late 2011. Damico signed the false and misleading Registration Statement. He also sold 62,500 shares of IntraLinks stock in the Offering.

17. Defendant Anthony Plesner ("Plesner") serves as Chief Financial Officer and Chief Administrative Officer of IntraLinks. Plesner signed the false and misleading Registration Statement. He also sold 37,500 shares of IntraLinks stock in the Offering.

18. Together, defendants Wack, Conway, Gyenes, Hale, Kairouz, McBride, Taylor and Damico are referred to as the "Director Defendants." Together, the Director Defendants, Plesner, and IntraLinks are referred to as the "IntraLinks Defendants."

19. Defendant Morgan Stanley & Co. Incorporated ("Morgan Stanley") provides investment banking products and services. Morgan Stanley acted as an underwriter for IntraLinks' Offering, helping to draft and disseminate the offering documents.

20. Defendant Jefferies & Company, Inc. ("Jefferies") provides investment banking products and services. Jefferies acted as an underwriter for IntraLinks' Offering, helping to draft and disseminate the offering documents.

21. Defendant Lazard Capital Markets LLC ("Lazard") provides investment banking products and services. Lazard acted as an underwriter for IntraLinks' Offering, helping to draft and disseminate the offering documents.

22. Defendant Credit Suisse Securities (USA) LLC ("Credit Suisse") operates as an investment bank in the United States. Its business includes securities underwriting, sales and

trading, investment banking, private equity, alternative assets, financial advisory services, and asset management. Credit Suisse acted as an underwriter for IntraLinks' Offering, helping to draft and disseminate the offering documents.

23. Defendant Deutsche Bank Securities Inc. ("Deutsche Bank") is the U.S. investment banking and securities arm of Deutsche Bank AG. Deutsche Bank provides investment banking products and services. Deutsche Bank acted as an underwriter for IntraLinks' Offering, helping to draft and disseminate the offering documents.

24. Defendant Pacific Crest Securities LLC ("Pacific Crest") provides investment banking products and services. Pacific Crest acted as an underwriter for IntraLinks' Offering, helping to draft and disseminate the offering documents.

25. Together, defendants Morgan Stanley, Jefferies, Lazard, Credit Suisse, Deutsche Bank and Pacific Crest are referred to as the "Underwriter Defendants."

26. Defendant IntraLinks and the defendants who signed the Registration Statement are strictly liable for the false and misleading statements incorporated into the Registration Statement. The Underwriter Defendants drafted and disseminated the offering documents and were paid more than $8.6 million in connection therewith. The Underwriter Defendants' failure to conduct an adequate due diligence investigation was a substantial factor leading to the harm complained of herein.

### DEFENDANTS' FALSE AND MISLEADING STATEMENTS MADE IN CONNECTION WITH THE OFFERING

27. On or about April 4, 2011, IntraLinks filed with the SEC the Registration Statement, which became effective on April 7, 2011. At least 7.5 million shares of IntraLinks common stock were sold to the public at $25.50 per share in the Offering (1.25 million shares were sold by IntraLinks and 6.25 million shares were sold by certain selling shareholders, including defendants Damico, Plesner and Gyenes), raising $191 million in gross proceeds for the Company and the

selling shareholders (excluding the over-allotment of 1.125 million shares granted to the Underwriter Defendants).

28.     The Registration Statement was negligently prepared and, as a result, contained untrue statements of material facts and omitted to state other facts necessary in order to make the statements made not misleading and was not prepared in accordance with the rules and regulations governing its preparation.

29.     The Registration Statement described IntraLinks as a rapidly growing company that enjoyed strong demand for its products and a large and stable customer base. More particularly, the Registration Statement provided, in relevant part:

> IntraLinks is a leading global provider of Software-as-a-Service ("SaaS") solutions for securely managing content, exchanging critical business information and collaborating within and among organizations. Our cloud-based solutions enable organizations to control, track, search and exchange time-sensitive information inside and outside the firewall, all within a secure and easy-to-use environment. Our customers rely on our cost-effective solutions to manage large amounts of electronic information, accelerate information-intensive business processes, reduce time to market, optimize critical information workflow, meet regulatory and risk management requirements and collaborate with business counterparties in a secure, auditable and compliant manner. We help our customers eliminate the inherent risks and inefficiencies of using email, fax, courier services and other existing solutions to collaborate and exchange information.
>
> At our founding in 1996, we introduced cloud-based collaboration for the debt capital markets industry and, shortly thereafter, extended our solutions to merger and acquisition transactions. *We have since enhanced our IntraLinks Platform to address the needs of a wider enterprise market consisting of customers of all sizes across a variety of industries that use our solutions for the secure management and online exchange of information within and among organizations. Today, this enterprise market is our largest and fastest growing market and includes organizations in the financial services, pharmaceutical, biotechnology, consumer, energy, industrial, legal, insurance, real estate and technology sectors, as well as government agencies.* Across all of our principal markets we help transform a wide range of slow, expensive and information-intensive tasks into streamlined, efficient and real-time business processes. In the year ended December 31, 2010, over 4,700 customers across 60 countries used the IntraLinks Platform. Since inception customers have used the IntraLinks Platform to enable collaboration among more than 1,000,000 end-users and approximately 195,000 organizations worldwide.

30. With respect to IntraLinks' purported visibility into its revenue stream, the Registration Statement further provided in relevant part:

> We deliver our solutions entirely through a cloud-based model where they are available on-demand over the Internet using a multi-tenant SaaS architecture in which a single instance of our software serves all of our customers. ***Our business model has provided us with a high level of revenue visibility.*** We sell our solutions directly through an enterprise sales team with industry-specific expertise, and indirectly through a customer referral network and channel partners. In 2010, we generated $184.3 million in revenue, of which approximately 35% was derived from sales across 60 countries outside of the United States. We have generated positive cash flow from operations on an annual basis since 2003, including $35.6 million in 2010.

31. Regarding IntraLinks' growth strategy, the Registration Statement provided in relevant part:

> Our goal is to be the leading global provider of cloud-based solutions for critical information management, exchange and collaboration. The following are key elements of our strategy:
>
> - *Increase our market share in the principal markets that we target:* We intend to continue to focus our sales efforts in markets where we have had historical success. We are a leader in providing collaboration solutions for debt capital market transactions and merger and acquisition transactions. ***Today, the Enterprise principal market is our largest and fastest growing market. We believe that we have a significant opportunity to increase our market share in these core markets based on the strength of our solutions.***
>
> - *Further penetrate our existing customer base and cross-sell our solutions:* Our strategy is to leverage initial deployments with customers that may address a specific business process to expand within an enterprise through our offering of cross-departmental solutions. Many of our customers currently use our solutions only for industry-specific business processes, such as clinical trials, or for functional business processes, such as mergers and acquisitions due diligence. We believe we have a significant opportunity to sell our broader cross-departmental solutions, including vendor sourcing and procurement, real estate management, litigation management, audit management, licensing and joint partnership and alliance management, to our existing customer base. In addition, we plan to continue to identify new business processes that can be transformed via our cloud-based solutions.
>
> \* \* \*
>
> - *Broaden our sales channels to expand into new geographies:* We can offer significant value to organizations of any size and in any location that need to

> exchange critical information in a secure and auditable environment. Working with our global direct sales force, partners and referral network, we plan to expand our offerings to new geographies that are currently underpenetrated and represent a significant opportunity.

> \* \* \*

- *Further leverage our global user community:* We have a global user community of over 1,000,000 professionals that have used our solutions over the past 13 years. We are able to leverage this user community in unique ways, such as to facilitate searches based on users' expertise or capabilities across our entire user directory. This would enable users to network with each other and locate customers, suppliers, advisors and employees across the globe that can help them address specific business needs.

32. Regarding IntraLinks' existing customer base and customer relationships, the Registration Statement further provided in relevant part:

> In the year ended December 31, 2010, we had approximately 4,700 customers across 34 industries. Since inception, over 1,000,000 end users, including professionals at more than 800 of the Fortune 1,000 companies, have used our solutions. In 2010, approximately 35% of our revenue was generated from sales across 60 countries outside the United States. ***We believe our customers have a high level of satisfaction, as evidenced by the 104% renewal rate, on a per-customer absolute dollar commitment basis, for our subscription contracts during the year ended December 31, 2010.*** No customer represented more than 10% of our revenue in 2008, 2009 or 2010.

> \* \* \*

> A leading global bank with assets over $2 trillion has been a customer of ours for 13 years and has deployed our solutions across numerous departments. The bank began using our solutions for its debt capital markets transactions to accelerate loan syndication and loan servicing. The bank then expanded its use of our solutions to standardize on our IntraLinks Platform for merger and acquisition advisory services. Most recently, the bank adopted IntraLinks Courier for its global investment bank to exchange confidential information internally and externally and to reduce the risks and costs of traditional courier services. Other departments within the bank using our services include Restructuring, Securitization, Real Estate Portfolio management, Asset Finance, Lease Finance, Commercial Lending and Servicing and Fund Reporting. By standardizing on the IntraLinks Platform, the bank has been able to save time and money and increase security and auditability thereby reducing risk and improving compliance across departments.

33.     Due to defendants' positive, albeit false, statements, they were able to successfully complete the Offering. Propelled by defendants' false and misleading statements, IntraLinks' stock closed as high as $31.76 per share on April 29, 2011.

34.     On May 11, 2011, IntraLinks held a conference call for investors and analysts to discuss the Company's earnings and operations for the first quarter of 2011, ended March 31, 2011. During the conference call, the IntraLinks Defendants revealed that a large Enterprise customer was dramatically reducing its use of IntraLinks' products going forward and that the Company was reducing its earnings expectations as a result. Further, defendant Damico admitted that at the end of the first quarter the Company recognized that the "large Enterprise customer" was reducing its usage and that, as a result, the Company had asked for a meeting with this customer. At this meeting, according to defendant Damico, they were told that the customer would be reducing its usage for the remainder of the year.

35.     On this news, IntraLinks' stock declined $9.77 per share to close at $20.22 per share on May 11, 2011, a one-day decline of over 32%, on heavy volume of 11.4 million shares. Defendants, however, continued to conceal the true operating condition of IntraLinks' business.

36.     On August 10, 2011, IntraLinks issued a press release announcing its financial results for the second quarter of 2011, ended June 30, 2011. In the press release, the Company reported revenue and earnings in line with previously issued guidance, but reduced its outlook for the third quarter of 2011. Also on August 10, 2011, during a conference call with investors and analysts, IntraLinks revealed that the Company had received a subpoena from the SEC seeking documents from January 1, 2011 to the present. During the conference call, the IntraLinks Defendants discussed the reduced guidance for the third quarter of 2011, but represented the Company would meet the yearly revenue and earnings projections.

37. On this news, IntraLinks' stock declined $5.52 per share to close at $6.64 per share on August 10, 2011, a one-day decline of over 45% on heavy volume of 8.5 million shares. Defendants, however, continued to conceal the true operating condition of IntraLinks' business.

38. Defendants scheme to falsely portray IntraLinks' business as succeeding continued unabated until November 2011. Then, on November 8, 2011, IntraLinks issued a press release announcing its financial results for the third quarter of 2011, ended September 30, 2011. For the period, IntraLinks reported total revenue of just $54.8 million, well below the Company's prior guidance and analysts' expectations. The Company also reported continuing problems with its Enterprise business segment.

39. On this news, IntraLinks' stock declined $3.99 per share to close at $4.80 per share on November 10, 2011, a decline of over 45%.

40. The true facts that defendants omitted from the Registration Statement and Prospectus were as follows:

(a) At the time of the Offering, one of the Company's largest Enterprise customers had already dramatically reduced its usage of IntraLinks' products and had told defendants that it would continue to scale down its usage for the remainder of the year;

(b) At the time of the Offering, the Company was already experiencing a significant slowdown in its Enterprise business segment; and

(c) The Company's Enterprise business segment, and particularly its Enterprise sales force, was in disarray leading to reduced productivity and sales in 2011 and for the then foreseeable future.

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action individually and as a class action pursuant to New York Civil Practice Laws §901, *et. seq.*, on behalf of all persons and entities who acquired the common

stock of IntraLinks pursuant or traceable to the Company's false and misleading Registration Statement for the Offering and who were damaged thereby (the "Class"). Excluded from the Class are defendants and their families, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

42.     This action is properly maintainable as a class action.

43.     The Class is so numerous that joinder of all members is impracticable. IntraLinks stock was actively traded on the NYSE. While the exact number of Class members is unknown to plaintiff at this time and can only be ascertained through appropriate discovery, plaintiff believes that there are hundreds of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by IntraLinks or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions. IntraLinks has more than 54 million shares of stock outstanding.

44.     Plaintiff's claims are typical of the claims of the members of the Class and plaintiff does not have any interests adverse to the Class, as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

45.     Plaintiff is an adequate representative of the Class, has retained competent counsel experienced in litigation of this nature and will fairly and adequately protect the interests of the Class.

46.     There are questions of law and fact that are common to the Class and that predominate over questions affecting any individual Class member. Among the questions of law and fact common to the Class are:

(a)     whether the 1933 Act was violated by defendants' acts as alleged herein;

(b) whether statements made by defendants to the investing public in the Registration Statement misrepresented material facts about the business, operations and management of IntraLinks; and

(c) to what extent the members of the Class have sustained damages and the proper measure of damages.

47. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for the party opposing the Class.

48. Plaintiff anticipates that there will be no difficulty in the management of this litigation.

49. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.

50. Defendants have acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

### Violations of Section 11 of the 1933 Act
### Against All Defendants

51. Plaintiff incorporates ¶¶1-50 by reference.

52. This Count is brought pursuant to §11 of the 1933 Act, 15 U.S.C. §77k, on behalf of the Class, against all defendants.

53. The Registration Statement for the Offering was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary in order to make the statements made not misleading, and omitted to state material facts required to be stated therein.

54. IntraLinks is the registrant for the Offering. The defendants named herein were responsible for the contents and dissemination of the Registration Statement.

55. As issuer of the common stock, IntraLinks is strictly liable to plaintiff and the Class for the misstatements and omissions.

56. None of the defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading.

57. By reason of the conduct herein alleged, each defendant violated, and/or controlled a person who violated, §11 of the 1933 Act.

58. Plaintiff acquired IntraLinks common stock pursuant to the Registration Statement for the Offering.

59. Plaintiff and the Class have sustained damages. The value of IntraLinks common stock has declined substantially subsequent to and due to defendants' violations.

60. At the time of their purchases of IntraLinks common stock, plaintiff and other members of the Class were without knowledge of the facts concerning the wrongful conduct alleged herein and could not have reasonably discovered those facts before November 8, 2011. Less than one year has elapsed from the time that plaintiff discovered or reasonably could have discovered the facts upon which this complaint is based to the time that plaintiff filed this complaint. Less than three years has elapsed between the time that the securities upon which this Count is brought were offered to the public and the time plaintiff filed this complaint.

## SECOND CAUSE OF ACTION

### Violations of Section 15 of the 1933 Act
### Against the Director Defendants

61. Plaintiff repeats and realleges ¶¶1-60 by reference.

62. This Count is brought pursuant to §15 of the 1933 Act against the Director Defendants.

63. Each of the Director Defendants was a control person of IntraLinks by virtue of his position as a director and/or senior officer of IntraLinks. The Director Defendants each had a series of direct and/or indirect business and/or personal relationships with other directors and/or officers and/or major shareholders of IntraLinks.

64. Each of the Director Defendants was a culpable participant in the violations of §11 of the 1933 Act alleged in the Count above, based on their having signed or authorized the signing of the Registration Statement and having otherwise participated in the process which allowed the Offering to be successfully completed.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief and judgment, as follows:

A. Determining that this action is a proper class action and certifying plaintiff as a Class representative;

B. Awarding compensatory damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C. Awarding plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees;

D. Awarding rescission or a rescissory measure of damages; and

E. Such equitable/injunctive or other relief as deemed appropriate by the Court.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: May 1, 2012
ROBBINS GELLER RUDMAN
 & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

/s/ Samuel H. Rudman
SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
 & DOWD LLP
BENNY C. GOODMAN III
EDWARD M. GERGOSIAN
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

SULLIVAN, WARD, ASHER & PATTON, P.C.
MICHAEL J. ASHER
25800 Northwestern Highway
1000 Maccabees Center
Southfield, MI 48075-1000
Telephone: 248/746-0700
248/746-2760 (fax)

Attorneys for Plaintiff